IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANGELA DENISE THOMAS, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV408-01
 )
A. MARK LEE and COMMISSIONERS )
OF EFFINGHAM COUNTY, )
 )
    Defendants. )

## O R D E R

Before the Court is Defendants' Motion to Dismiss. (Doc. 7.) For the reasons that follow, the Motion is **GRANTED** as to Plaintiff's federal claims. Plaintiff's state law claims are **REMANDED** to the Superior Court of Effingham County.

### BACKGROUND

Plaintiff Angela Denise Thomas was employed as an administrative assistant to Defendant A. Mark Lee, the Solicitor General of Effingham County. Lee terminated Plaintiff on June 21, 2005. The stated reason for the termination was that Plaintiff had violated county personnel policies which prohibited making disparaging remarks about county officials and prohibited the use of the county computers for that purpose. (Compl. ¶ 3.)

Defendants denied Plaintiff's request for a discharge hearing.

Plaintiff applied for and was denied unemployment compensation. After the Georgia Department of Labor denied her appeal regarding the unemployment compensation, she filed suit in the Superior Court of Effingham County. Thomas v. Thurman, No. SU06CV107P (Sup. Ct. Effingham County, Ga.). The Superior Court granted partial summary judgment for Plaintiff, reversing the administrative decision of Department of Labor and holding that Plaintiff was entitled to unemployment compensation. The court also held that the termination was improper. That action remains pending to determine the amount of unemployment compensation due to Plaintiff.

On November 30, 2007, Plaintiff filed this action in the Superior Court of Effingham County, bringing federal constitutional claims under 42 U.S.C. § 1983 and related state law claims. She contends that the county personnel policy gave her a right to a pre-termination hearing. For this reason, she claims that she was deprived of a property right without due process of law when she was terminated without a hearing. She asks the Court to issue a writ of mandamus under O.C.G.A. § 9-6-20 compelling the county to conduct a hearing regarding the discharge. She also brings

a claim against Lee for tortious interference with her employment contract.

Defendants removed the case to this Court on January 3, 2008 on the basis of federal question jurisdiction. Defendants contend that Plaintiff was an at-will employee of the Solicitor General, and not an employee of the county. They have filed a Motion to Dismiss arguing that Plaintiff has failed to state a claim and that her § 1983 claims are barred by the statute of limitations.

**ANALYSIS**

**I. Plaintiff's Federal Constitutional Claims Are Untimely**

It is well-established that the forum state's statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. § 1983. See Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006). In Georgia, the statute of limitations for personal injury actions is two years. O.C.G.A. § 9-3-33. Therefore, the statute of limitations for Plaintiff's § 1983 claims is two years.

Plaintiff received notice of her termination on June 21, 2005, but did not file suit until November 30, 2007, more than two years later. In her brief, Plaintiff suggests that the statute of limitations should be tolled for the period during which she sought administrative review of the termination. However, under well-established

3

federal anti-discrimination law, the accrual date of the cause of action for limitations purposes is the date on which the adverse employment action is communicated to the plaintiff. This is true even if the plaintiff continues working for a period of time or if there is an internal appeals procedure. Delaware State Coll. v. Ricks, 449 U.S. 250, 258, 101 S. Ct. 498, 66 L. Ed. 2d 431 (1980); Chardon v. Fernandez, 454 U.S. 6, 8, 102 S. Ct. 28, 70 L. Ed. 2d 6 (1981).

In Chardon, a § 1983 action, the Supreme Court held that the statute of limitations began to run when the employee was <u>notified</u> of the impending discharge. 454 U.S. at 8. In Ricks, the Supreme Court held that a college's denial of tenure to the plaintiff was the discriminatory "occurrence" that started the statute of limitations, even though the consequence of that denial -- eventual termination -- did not occur for an additional academic year. 449 U.S. at 259 (Title VII). Courts have also consistently held that resort to various independent remedies, such as a formal internal grievance procedure, does not toll the limitations period for federal discrimination claims. Id. at 261 ("[T]he pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the

limitations period."); <u>Vaught v. R.R. Donnelley & Sons Co.</u>, 745 F.2d 407, 412 (7th Cir. 1984)(resort to informal grievance procedure does not stop running of limitations period).

In this case, Plaintiff claims that she was denied due process of law at her termination. Because this cause of action arose upon notification - more than two years before she filed suit - her § 1983 claims are time-barred. <u>See also</u> <u>Stokes v. Savannah State Univ.</u>, No. 4:06-CV-290 (S.D. Ga. 2007)(J. Moore)(holding that administrative appeals do not toll the time for filing a cause of action challenging an employment termination). Accordingly, Plaintiff's § 1983 claims are **DISMISSED**.

## II. Plaintiff's State Law Claims Are Remanded to the Superior Court

Defendants removed this case on the basis of federal question jurisdiction. Because the Court has dismissed the federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims. <u>See</u> 28 U.S.C. § 1367(c)(3). The key issue in this case - whether Plaintiff was a county employee or an at-will employee of the Solicitor General - is a state law issue, and the Superior Court of Effingham County has already considered the issue in the related action involving Plaintiff's

unemployment compensation. Therefore, the Court finds that the remaining issues in this case should also be heard by the Superior Court of Effingham County. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 354-355, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)(district court has discretion to dismiss or remand state law claims).

Accordingly, this case is **REMANDED** to the Superior Court of Effingham County.

SO ORDERED this 9th day of April, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA